**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**MAY SESSION, 1996**

FILED

October 18, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9511-CC-00352** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **SEVIER COUNTY** |
| **VS.** | ) | |
| | ) | **HON. BEN W. HOOPER, II** |
| **JOHN WAYNE SLATE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Sentencing)** |


FOR THE APPELLANT:

EDWARD C. MILLER
Public Defender
P. O. Box 416
Dandridge, TN  37725-0416

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

HUNT S. BROWN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243

AL SCHMUTZER, JR.
District Attorney General

STEVEN R. HAWKINS
Assistant District Attorney
Sevierville, TN  37862


OPINION FILED _____

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

JERRY L. SMITH, JUDGE

# OPINION

Appellant John Wayne Slate appeals the judgment of the Sevier County Criminal Court imposing a twenty-five year sentence for his second degree murder conviction. Appellant presents the following issues for review: (1) whether the trial court erred in refusing to expunge his conviction for first degree murder and (2) whether his sentence is excessive.

After a review of the record, we affirm the judgment of the trial court with regard to the expunction issue but remand this case for resentencing consistent with this opinion.

## I. FACTUAL BACKGROUND

On August 12, 1988, a Sevier County Criminal Court jury convicted Appellant of the first degree murder of David Jackson. Under the Tennessee Sentencing Reform Act of 1982, Appellant received a sentence of life imprisonment, enhanced by five years for use of a firearm in the commission of a felony. The trial court ordered that the sentence run consecutive to a three-year sentence for attempted jail escape. On direct appeal, this Court affirmed the judgment of the trial court. See State v. Slate, No. 101, 1989 WL 130712, at *4 (Tenn. Crim. App. Nov. 1, 1989). Appellant then filed a petition for post-conviction relief. This Court again affirmed the judgment of the trial court with regard to the firearm enhancement and the attempted jail escape conviction but reversed the judgment of the trial court with regard to thßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßß

ßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßß ßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßß ßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßß ßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßß ßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßß ßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßß ßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßß ßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßßß ßßßßßßßßpportunity to be resentenced under the 1982 sentencing act or the 1989 sentencing act. Appellant, through counsel, chose to be resentenced under the Tennessee Sentencing Reform Act of 1989. The trial court then sentenced Appellant to twenty-five years in the Tennessee Department of Correction, a term to run consecutive to his firearm enhancement and to his attempted jail escape sentence. During this sentencing hearing, the trial court refused to expunge Appellant's conviction for first degree murder.

## II. EXPUNCTION OF FIRST DEGREE MURDER CONVICTION

Appellant first alleges that the trial court erred in refusing to expunge his conviction for first degree murder. Appellant argues that the first degree murder conviction should have been expunged because this Court reversed the conviction and remanded to the trial court with instructions to enter a judgment for second degree murder.

Tennessee's expunction statute provides the following:

All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a

> verdict of not guilty returned by a jury or <u>a conviction which has by appeal been reversed</u>, shall, upon petition by that person to the court having jurisdiction in such previous action, be removed and destroyed without cost to such person . . . .

Tenn. Code Ann. § 40-32-101(a)(1) (Supp. 1996) (emphasis added). In denying Appellant's request for expunction, the trial court offered the following rationale:

> [I]n effect, what has happened is the judgment of the trial court was reversed as to the conviction for first degree murder, and then they say the case is remanded for the purpose of resentencing and the entry of a judgment of conviction for second degree murder.
>
> To me, what's basically happened would be the equivalent of being indicted for first degree murder, the jury being instructed as to second degree murder and possibly lesser included, other lesser included offenses, and the jury in fact finding second degree murder. And I think in that situation I don't believe you would be entitled at all to have the records expunged. That's just part of the process, You get indicted for a higher degree of crime and convicted of a lesser degree.

We agree with the foregoing rationale. Appellant's second degree murder conviction, for all intents and purposes, simply replaces his first degree murder conviction. The expunction statute appears to provide relief only in situations where, for the reasons stated therein, criminal charges fail to result in any conviction. See, e.g., State v. Liddle, No. 01C01-9508-CR-00280, 1996 WL 275012, at *1 (Tenn. Crim. App. May, 24, 1996); State v. McCary, 815 S.W.2d 220, 222 (Tenn. Crim. App. 1991). Here, Appellant's conviction has been reversed and reduced but not reversed and dismissed, as we believe the expunction statute anticipates. We know of no case supporting Appellant's proposition that his first degree murder conviction should be expunged because it was ultimately reduced to second degree murder. Therefore, we conclude that the trial court properly denied Appellant's request for expunction.

### III.  SENTENCING

Appellant next alleges that his sentence is excessive.  Without addressing any of the substantive issues presented by Appellant, we turn to the sentencing principle addressed in State v. Pearson, 858 S.W.2d 879 (Tenn. 1993). According to Pearson,

> [I]n order to comply with the ex post facto prohibitions of the U.S. and Tennessee Constitutions, trial court judges imposing sentences after the effective date of the 1989 statute, for crimes committed prior thereto, must calculate the appropriate sentence under both the 1982 statute and the 1989 statute, in their entirety, and then impose the lesser sentence of the two. The practice of commingling the two laws and allowing the defendant the benefit of the most favorable provisions of each is confusing, and, as the State points out, could result in the defendant receiving a lesser sentence than is authorized by either Act in its entirety. The prohibition against ex post facto laws in both the United States and the Tennessee Constitutions is satisfied by determining the appropriate sentence under each statute and imposing the lesser of the two sentences.

Id. at 884.  Here, the record reveals that the trial court failed to calculate Appellant's sentence under both sentencing acts.  The State concedes that this failure may require a remand.  We believe that it does.

Accordingly, this case is remanded to the trial court for sentencing in light of Pearson.  If either party is dissatisfied with the sentence imposed by the trial court, the dissatisfied party may appeal as of right to this Court.  The judgment of the trial court with regard to the expunction issue is affirmed.

 

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE


-6-

_____
JOHN K. BYERS, SENIOR JUDGE