IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MAY 1997 SESSION

FILED

June 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | C.C.A. No. 01C01-9608-CR-00330 |
| Appellee, | ) | |
| | ) | Davidson County |
| V. | ) | |
| | ) | Honorable J. Randall Wyatt, Jr., Judge |
| | ) | |
| **JAMES HOLLOWAY,** | ) | (Second Degree Murder) |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

Karl Dean
District Public Defender

Jeffrey A. Devasher
Senior Assistant Public Defender

Wendy S. Tucker
Assistant Public Defender
1202 Stahlman Building
Nashville, TN 37201

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Sarah M. Branch
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243

Victor S. (Torry) Johnson III
District Attorney General

D. Paul DeWitt
Assistant District Attorney General
Suite 500, Washington Square
222-2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED: _____

**REVERSED AND REMANDED AS TO SENTENCE**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, James Holloway, pled guilty to second degree murder. He was sentenced to twenty-three years incarceration. He appeals alleging the trial court erred in imposing an excessive sentence. Upon review, we respectfully reverse the trial court and remand for a new sentencing hearing.

The record reveals that the appellant was classified as a Range I, standard offender. The trial judge found one applicable enhancement factor and one applicable mitigator.[1] He stated that Tenn. Code Ann. § 40-35-210(c), which became effective July 1, 1995, required that the midpoint within the range be applied as the presumptive sentence for the appellant's offense.[2] The appellant contends that this statute was not in effect at the time he committed the offense and its use against him violates his constitutional protection against the imposition of ex post facto laws. We agree.

The Tennessee Constitution's ex post facto prohibition found in Article I, § 11, provides:

> That laws made for the punishment of acts committed previous to the existence of

---

[1]The trial judge enhanced the appellant's sentence based on the fact that he employed a firearm during the commission of the offense. Tenn. Code Ann. § 40-35-114(9). Apparently, he mitigated the offense based upon the appellant's age. Tenn. Code Ann. § 40-35-113(6). The appellant does not contest the use of the enhancement factor found by the trial court.

[2]The appellant pled guilty to second degree murder, a Class A felony. The range of punishment for a Range I, standard offender committing a Class A felony is 15 to 25 years.

such laws, and by them only declared criminal are contrary to the principles of a free Government; wherefore no Ex post facto law shall be made.

The five classifications of ex post facto law are:

1. Laws which provide for punishment upon a person for an act done which, when committed, was innocent;

2. Laws which aggravate a crime or make it greater than when committed;

3. Laws that change punishment or inflict greater punishment than the law annexed to the crime when committed;

4. Laws that change the rules of evidence and receive less or different testimony than was required at the time of the commission of the offense in order to sustain a conviction; and

5. Laws which, in relation to the offense or its consequences, alter a person's situation to their disadvantage.

State v. Pearson, 858 S.W.2d 879, 882 (Tenn. 1993).

The appellant committed this offense on March 31, 1995. At that time, the applicable statute provided: "[s]hould there be enhancement and mitigating

factors, then the court must start at the minimum sentence in the range . . . ." Tenn. Code Ann. § 40-35-210(e) (1990). The trial judge, however, applied the amendment to this statute, which did not become effective until July 1, 1995. The amendment states that the presumptive sentence for the appellant's offense shall be the midpoint in the range. This statute was not in effect when the appellant committed the offense; hence, its implementation effectively raised the presumptive starting point from fifteen years to twenty years. In applying this statute to the appellant, the trial court violated the <u>ex post facto</u> prohibition.

We respectfully reverse and remand to the trial court for a new sentencing hearing using the presumptive starting point of fifteen years.[3]

**REVERSED AND REMANDED AS TO SENTENCE.**

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
DAVID G. HAYES, Judge


_____
JERRY L. SMITH, Judge

_____

[3]We are mindful of appellant's arguments regarding other mitigating factors not recognized at the original hearing. Because of the ordered new sentencing, we choose not to address those issues at this time.