IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1997 SESSION

FILED

December 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| BRUCE C. SLATER, | * | C.C.A. # 03C01-9702-CR-00061 |
| Appellee, | * | KNOX COUNTY |
| VS. | * | Hon. Richard M. Baumgartner, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction--State Appeal) |
| Appellant. | * | |

For Appellee:

Allen E. Schwartz
603 Main Street
Suite 405
Knoxville, TN 37902

Aubrey Davis
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN 37921

For Appellant:

John Knox Walkup
Attorney General and Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Marsha Selecman
Assistant District Attorney General
City-County Building, Suite 168
400 Main Street
Knoxville, TN 37902-2405

OPINION FILED:_____

REVERSED AND REMANDED

GARY R. WADE, JUDGE

<u>**OPINION**</u>

The state appeals from a judgment by the trial court reducing the sentence of petitioner, Bruce Slater. In 1987, the petitioner committed bank robbery. He was sentenced in 1991. The petitioner sought relief from the length of his sentence through the Post-Conviction Procedure Act. The primary issue presented for our review is whether the petitioner should have been sentenced under the 1982 Sentencing Act or the 1989 Sentencing Act. A secondary issue relates to procedure and jurisdiction. We reverse the judgment of the trial court and remand the cause for a recalculation of the sentence.

On May 26, 1991, the trial court sentenced the petitioner to a Range III, thirty-year sentence under the terms of the 1989 Criminal Code. Thereafter, the petitioner filed this petition alleging his counsel was ineffective for failing to ensure he was sentenced in accordance with law. At the conclusion of the evidentiary hearing, the trial court applied the 1989 Act and entered an order reducing the petitioner's sentence to Range III, fifteen years.

I

Tennessee Code Annotated § 40-35-117 provides that persons sentenced after November 1, 1989, for crimes committed between July 1, 1982, and November 1, 1989, must be sentenced under the 1989 Act, "[u]nless prohibited by the United States or Tennessee Constitution." Tenn. Code Ann. § 40-35-117(b). Also, Tenn. Code Ann. § 39-11-112 provides that if the 1989 Act provides for a "lesser penalty," punishment shall be imposed in accordance with the 1989 Act.

In <u>State v. Pearson</u>, 858 S.W.2d 879 (Tenn. 1993), our supreme court set forth guidelines for making certain the sentence imposed is constitutional:

2

> [I]n order to comply with the ex post facto prohibitions of the U.S. and Tennessee Constitutions, trial court judges imposing sentences after the effective date of the 1989 statute, for crimes committed prior thereto, must calculate the appropriate sentence under both the 1982 statute and the 1989 statute, in their entirety, and then impose the lesser sentence of the two.

This petitioner was convicted of bank robbery. See Tenn. Code Ann. § 39-2-502 (repealed 1989). The judgment form reflects that the trial court, relying on the 1989 Act, treated the offense as a Class B felony and imposed a Range III, thirty-year sentence. The statutory range was between twenty and thirty years. Tenn. Code Ann. § 40-35-112. Because the record does not contain any of the proceedings from the original trial, sentencing hearing, or direct appeal, we cannot determine how the trial judge arrived at a thirty-year sentence.

The petitioner argues that when the trial court imposed sentence, it misclassified the bank robbery as a Class B felony. The petitioner insists that it was a Class C felony under the 1989 Act. A Range III, Class B sentence is twenty to thirty years; by comparison, a Range III, Class C sentence is only ten to fifteen years. Tenn. Code Ann. § 40-35-112(c). The petitioner pointed out that the 1989 Act does not recognize a separate crime of bank robbery. Instead, the Act both defines and provides punishment for robbery, aggravated robbery, and especially aggravated robbery. Tenn. Code Ann. §§ 39-13-401, -402, -403. At the post-conviction hearing, the petitioner argued that because the elements of the offense of bank robbery most closely matched the elements of simple robbery under the 1989 Act, a bank robbery must be classified as a robbery, a Class C felony. See Tenn. Code Ann. § 39-13-401. The trial court agreed and reduced the sentence to Range III, fifteen years.

The 1982 Act did not grade offenses the way the 1989 Act does. Bank

3

robbery was not a graded offense under the 1982 Act. In conducting a <u>Pearson</u> analysis, the trial court would have to calculate the sentence under both the 1982 and 1989 Acts and then impose the lesser sentence. 858 S.W.2d at 884. The question is how to calculate a sentence under the 1989 Act for an offense that did not survive the enactment of the new act and, thus, is not graded. The trial court compared the statutory elements of bank robbery with the elements of the robbery offenses defined in the 1989 Act and graded the conviction offense accordingly.

The legislature provided a classification system for converting felonies defined by prior law into the categories adopted by the new Act. <u>Robert Lynn Godsey v. State</u>, No. 03C01-9308-CR-00280, slip op. at 8 (Tenn. Crim. App., at Knoxville, Aug. 11, 1994). This system is set forth in Tenn. Code Ann. § 40-35-118 and is essentially a listing of every offense in existence prior to enactment of the 1989 Act accompanied with a classification as either Class A, B, C, D, or E felony. In <u>Godsey</u>, the defendant was convicted of grand larceny, as defined by the 1982 Act, but was sentenced after passage of the 1989 Act. <u>Godsey</u>, slip op. at 2. He filed a post-conviction petition alleging that he should have been "sentenced under the 'theft of property' statutes in the 1989 revision of the criminal code." <u>Id.</u>, slip op. at 4. Our court rejected this contention and ruled that Section 40-35-118 was controlling on how to treat the grand larceny conviction for sentencing under the 1989 Act. <u>Id.</u>, slip op. at 8.

The Sentencing Commission Comments to this section provide guidance:

> This section classifies felony offenses in title 39 which were in existence prior to November 1, 1989. ... [P]ersons sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, must be sentenced under the provisions of this chapter. ... The new definitions and

4

> classifications cannot be utilized for offenses which
> occurred prior to November 1, 1989, because, in many
> instances, the elements of the offense are completely
> different. Consequently, ... this section sets forth the
> felony classification which is to be utilized for those
> offenses which occurred prior to November 1, 1989,
> when the sentencing takes place after that date.

Tennessee Code Annotated § 40-35-118 controls the disposition of this case. See also Pearson, 858 S.W.2d at 883 (relying on Tenn. Code Ann. § 40-35-118 to conclude that "[u]nder the 1989 statute, first-degree burglary is classified as a Class C felony"). By the terms of that provision it is apparent that the trial court erred by amending the judgment to indicate that the petitioner had been convicted of a Class C felony instead of a Class B felony. That determination, however, does not end our inquiry. We do not have the record of the original sentencing hearing before us; in consequence, this court can neither conduct a review of the sentence or calculate an appropriate sentence under the terms of the 1982 Act. We must, therefore, remand this action for a recalculation of the sentence under the 1982 Act. That is essential to ensure that the petitioner is not subjected to an ex post facto violation. Pearson, 858 S.W.2d at 884.

The state argues that because both the trial court and the post-conviction court imposed maximum sentences, any calculation under the 1982 Act would also result in the maximum sentence of forty years. The state reasons that the petitioner has not suffered an ex post facto violation.

Under the 1982 Act, the sentencing range for bank robbery is twenty to forty years. Tenn. Code Ann. § 39-2-502 (repealed 1989). The amount of time the trial court could lawfully order the petitioner to serve would, however, depend on whether the petitioner is classified as a "persistent offender." See Tenn. Code Ann. §§ 40-35-106, -109 (repealed 1989).

5

Under the 1982 Act, a Range I sentence is "not less than the minimum sentence ... and not more than the minimum plus one-half (1/2) of the difference between the maximum sentence and the minimum sentence." Tenn. Code Ann. § 40-35-109(a)(repealed 1989). Thus a Range I sentence for bank robbery would be twenty to thirty years. A Range II sentence is "not less than the minimum sentence plus one-half (1/2) of the difference between the maximum and the minimum sentence, and not more than the maximum sentence as provided by law." Tenn. Code Ann. § 40-35-109(b) (repealed 1989). That establishes a Range II sentence at between thirty and forty years.

Whether the petitioner received a Range I or II sentence would depend, in part, on whether he would qualify as a persistent offender under the older act. The 1982 Act defines a persistent offender differently than the 1989 Act; it excludes from consideration certain convictions that are over five years old and others that are over ten years old. Tenn. Code Ann. § 40-35-106 (repealed 1989). In contrast, the 1989 Act considers "[a]ll prior felony convictions including those occurring prior to November 1, 1989." Tenn. Code Ann. § 40-35-107(b)(2). That the defendant likely qualifies as a persistent offender under the 1989 Act does not necessarily mean that he would be so classified under the 1982 Act.

If the petitioner were a standard offender under the 1982 Act and received a Range I sentence, the maximum he could be sentenced to would be thirty years with a release eligibility of thirty percent. Tenn. Code Ann. § 40-35-501(repealed 1989). Thus, even though the amount of time ordered under both acts would be the same (thirty years), the 1989 Act imposes a release eligibility of forty-five percent, whereas the 1982 Act imposes a thirty percent release eligibility. "[T]he repeal of parole eligibility standards previously available to an inmate

6

implicates the Ex Post Facto Clause if the effect of the repeal is to impose a greater or more severe punishment than was proscribed by law at the time of the offense." Kaylor v. Bradley, 912 S.W.2d 728, 732 (Tenn. App. 1995). See also Lynce v. Mathis, _____U.S._____, 117 S. Ct. 891 (1997); Weaver v. Graham, 450 U.S. 24 (1981).

A remand is the proper remedy. The trial court must impose the lesser of the two possible sentences. The sentencing should be based on findings of fact, including how the trial court arrived at the specific offender classification as well as what enhancement factors applied.

II

The petitioner argues the state has no right to appeal the post-conviction court's determination, relying on the statute governing when the state may appeal a sentencing determination. See Tenn. Code Ann. § 40-35-402. The post-conviction ruling, however, is governed by Tenn. Code Ann. § 40-30-122 (repealed 1995), which provides as follows:

> The order granting or denying relief under the provisions of this chapter shall be deemed a final judgment and an appeal may be taken to the court of criminal appeals in the manner prescribed by the Tennessee Rules of Appellate Procedure.

Thus, the state has a right to appeal the trial court's granting of post-conviction relief. Tenn. R. App. 3.

The state argues the post-conviction court had no jurisdiction to modify the final judgment of the trial court, insisting that "the post-conviction court's action amounted to it going behind the lawfully entered verdict of the jury, and reinterpreting the evidence to come up with a new verdict under the 1989

7

sentencing act." Our court has rejected the notion that a post-conviction court may not correct an unconstitutional sentence:

> The Post-Conviction Procedure Act was created to address and remedy constitutional wrongdoing in the conviction or sentencing process .... Effectively, this act provides procedural authority for a court to reopen the original case in order to right a constitutional wrong. ... Therefore, in some circumstances when the remedy requires a new trial, a case is returned to the pretrial stage, while in other circumstances the remedy does not require a new trial, but may require returning a case to the presentencing stage.

Sills v. State, 884 S.W.2d 139, 142-43 (Tenn. Crim. App. 1994) (footnote omitted). We continue to adhere to that view.

Accordingly, the judgment of the trial court is reversed. This cause is remanded for a calculation of sentence.

_____
Gary R. Wade, Judge

CONCUR:


_____
Paul G. Summers, Judge


_____
William M. Barker, Judge

8