IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
APRIL 2000 SESSION

## RODNEY BUFORD v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hickman County**
**No. 99-5075C-I Timothy L. Easter, Judge**

_____

**No. M1999-00487-CCA-R3-PC - Filed July 28, 2000**

_____

The petitioner, Rodney Buford, is serving an effective sentence of life plus twenty years. His petition for habeas corpus relief was properly dismissed by the trial court because the judgment is not facially invalid and the sentence has not been served.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Rodney Buford, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter, Marvin E. Clements, Jr., Assistant Attorney General, and Ronald L. Davis, District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Rodney Buford, appeals the trial court's denial of habeas corpus relief. In this appeal of right, the petitioner contends that the trial court erred by refusing to grant relief from a life sentence. The judgment is affirmed.

The record indicates that the petitioner was indicted for seven offenses in April of 1989. Almost one year later, in two separate proceedings, the petitioner entered pleas of guilt to four counts of armed robbery and one count of felony murder. The remaining two counts of the indictment were dismissed. The trial court imposed sentences of ten years on each of the armed robbery offenses and a life sentence on the felony murder. Because two of the robbery sentences were ordered to be served consecutively, the effective sentence is life plus 20 years.

In his 1999 petition for habeas corpus relief, the petitioner claimed that the conviction and sentence for felony murder were void because he was sentenced under the Criminal Sentencing Reform Act of 1989, which took effect November 1 of that year, rather than the 1982 Act. He points out that release eligibility under the 1982 Act is 30 years. See Tenn. Code Ann. 40-35-501(f)

(repealed 1989). Release eligibility for a life sentence under the 1989 Act is 60% of 60 years, or 36 years. Tenn. Code Ann. § 40-35-501(h)(1). In support of his claim, the petitioner cites State v. Pearson, 858 S.W.2d 879 (Tenn. 1993), wherein our supreme court ruled that defendants who are sentenced after the effective date of the 1989 Act for crimes committed before the effective date of the Act are entitled to the lesser of the sentences required after comparing the terms of the 1982 Act and the 1989 Act. The petitioner submits that the sentencing procedure utilized by the trial court violated the ex post facto provisions of both the Tennessee and the United States Constitutions. In summary, he contends that the facial invalidity of the conviction and the illegality of the sentence warrant habeas corpus relief.

The trial court concluded that habeas corpus relief is available only when the judgment is void or the sentence of imprisonment has expired. See Archer v. State, 851 S.W.2d 157 (Tenn. 1993). After concluding that a life sentence was appropriate under either the 1982 Act or the 1989 Act, the trial court determined that the sentence was lawful, whether there were dual calculations as required by Pearson or not. The trial court concluded that because the petitioner was in the custody of the Department of Correction, any disputes regarding time credits or parole were internal administrative issues controlled by the Uniform Administrative Procedures Act and inappropriate for consideration in a habeas corpus proceeding. See Tenn. Code Ann. § 4-5-101, et seq.

In this state, a writ of habeas corpus may be granted only when a petitioner has established lack of jurisdiction for the order of confinement or when he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 222 Tenn. 50, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). A "person imprisoned or restrained of his liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101. A writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer, 851 S.W.2d at 164; Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Trial courts may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passerella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Because habeas corpus relief is limited to instances where the judgment is void or the term of imprisonment has expired, the petitioner is not entitled to relief. See State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). The transcript of the submission hearing is in the record. There is no reference to release eligibility. Because the range of sentence was the same under both the 1982 Act and the 1989 Act, there is no facial invalidity. Clearly, the petitioner is not entitled to immediate relief. Because the petition does not establish any basis for a habeas corpus claim, the trial court properly dismissed it.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE