IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2002

## JOHN WAYNE SLATE, SR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Sevier County**
**No. 2000-489     James B. Scott, Jr., Judge**

**No. E2001-01906-CCA-R3-PC**
**May 8, 2002**

The Defendant, John Wayne Slate, Sr., appeals the trial court's summary dismissal of his second petition for post-conviction relief.  The Defendant contends the trial court improperly dismissed his petition for post-conviction relief without an evidentiary hearing.  We affirm the trial court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Edward C. Miller, Dandridge, Tennessee, for the appellee, John Wayne Slate, Sr.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Al Schmutzer, Jr., District Attorney General; and Steven R. Hawkins and Charles Atchley, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

In 1989, the Defendant was convicted by a jury of first degree murder, attempted jail escape, and possession of a firearm while incarcerated.  For the first degree murder conviction, the Defendant was given a life sentence enhanced by five years for the use of a firearm during the commission of the offense.  The trial court imposed a three year consecutive sentence for the attempted jail escape and a five year concurrent sentence for possessing a firearm while incarcerated.  The Defendant appealed his convictions and this Court affirmed the trial court's judgment. See State v. John Wayne Slate, No. 101, 1989 Tenn. Crim. App. LEXIS 751, at * 11 (Knoxville, Nov. 1, 1989).  The Defendant subsequently filed a petition for post-conviction relief which the trial court denied after an evidentiary hearing.  The Defendant appealed the trial court's denial of post-conviction relief,  and this Court determined that the evidence of deliberation was insufficient, reversed the first degree murder conviction, and remanded the cause to the trial court for entry of a judgment of conviction for second degree murder and resentencing. See John Wayne Slate v. State,

No. 03C01-9201-CR-00014, 1994 Tenn. Crim. App. LEXIS 261, at* 34 (Knoxville, April 27, 1994). On remand, the trial court imposed a sentence of twenty-five years under the Sentencing Reform Act of 1989. The Defendant then appealed that sentence. This Court reversed and remanded the cause for resentencing due to the trial court's failure to calculate the Defendant's sentence under both the 1989 and 1982 sentencing acts as required by State v. Pearson, 858 S.W.2d 879, 880 (Tenn. 1993). See State v. John Wayne Slate, No. 03C01-9511-CC-00352, 1996 Tenn. Crim. App. LEXIS 665, at * 1 (Knoxville, Oct. 18, 1996). On remand, the trial court again imposed a sentence of twenty-five years for second degree murder. The Defendant again appealed, and this Court modified the trial court's sentence for the second degree murder to twenty-four years. See State v. John Wayne Slate, No. 03C01-9804-CC-00147, 1999 Tenn. Crim. App. LEXIS 156, at * 1 (Knoxville, Feb, 19, 1999) (perm. to app. denied July 19, 1999).

On June 23, 2000, the Defendant filed his second petition for post-conviction relief. Counsel was appointed to represent the Defendant, and an amended petition for post-conviction relief was filed. On June 29, 2001, the trial court dismissed the petition without an evidentiary hearing. It is from the trial court's dismissal of the second petition for post-conviction relief that the Defendant now appeals.

> The Post-Conviction Procedure Act states that
> [t]his part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A Petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in [Tennessee Code Annotated section] 40-30-217.

Tenn. Code Ann. § 40-30-202(c). The Defendant has filed a petition for post-conviction relief attacking his conviction and his original judgment. That petition was resolved by this Court. See John Wayne Slate v. State, No. 03C01-9201-CR-00014, 1994 Tenn. Crim. App. LEXIS 261, at* 34. Accordingly, to the extent that the Defendant's present petition challenges his conviction or original sentence, the petition was properly summarily dismissed by the trial court. See Tenn. Code Ann. § 40-30-202(c).

However, issues arising from the resentencing of the Defendant for second degree murder and the appeal therefrom have not been addressed in a petition for post-conviction relief, and are, therefore, the proper subject of the present petition. In his petition for post-conviction relief, the Defendant claims that this Court should not have resentenced the Defendant; rather, this Court should have remanded the case for a new sentencing hearing because the sentencing judge did not familiarize himself with the record prior to sentencing, improperly considered uncertified copies of convictions and dismissed charges in sentencing the Defendant, failed to consider all sentencing principles, and failed to timely provide the Defendant with a copy of the presentence report.

Therefore, the question before this Court is whether the grounds stated above present a colorable claim from which the Defendant is entitled to relief. See Tenn. Code Ann. § 40-30-206(d).

A colorable claim is one "that, if taken as true, in the light most favorable to the Defendant, would entitle the Defendant to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). Tennessee Code Annotated section 40-30-206(g) states that

[a] ground for relief is waived if the Defendant personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented . . .

All of the Defendant's complaints concerning the trial court's resentencing of him could have properly been raised on direct appeal to this Court, however, they were not. Accordingly, these issues have been waived, and the trial court did not err in summarily dismissing them. See Tenn. Code Ann.§ 40-30-206(g); § 40-35-401(a) (there is no appellate review of the sentence in a post-conviction or habeas corpus proceeding).

In his pro se petition, the Defendant also alleged that he was denied effective assistance of counsel at his resentencing hearing. However, at the hearing on the petition for post-conviction relief, the Defendant was represented by the same attorney who represented him at his resentencing hearing. The Defendant stated on the record that he did not wish to pursue any claims of ineffectiveness against counsel. The Defendant further stated that he was very pleased with his attorney's representation. The Defendant does not argue in this appeal that he is entitled to relief based on the ineffective assistance of counsel. Accordingly, the Defendant has waived any claims of ineffective assistance of counsel concerning his sentencing hearing. See Tenn. Code Ann.§ 40-30-206(g).

Because all of the Defendant's claims have been waived, we conclude that the petition for post-conviction relief does not raise a colorable claim, and, therefore, the trial court did not err in summarily dismissing the petition.

### CONCLUSION

Therefore, after a thorough review of the procedural history and the record, we conclude that the trial court did not err in summarily dismissing the petition. Accordingly, the judgment of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE