IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1997 SESSION

FILED

April 24, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9605-CC-00212 |
| Appellee, | ) | |
| | ) | COFFEE COUNTY |
| VS. | ) | |
| | ) | Hon. Gerald L. Ewell, Judge |
| JEFFERY L. RIGNEY and | ) | |
| HERMAN EUGENE HALE, | ) | (Sentencing - Theft of |
| | ) | Property Over $1,000) |
| Appellants. | ) | |

**FOR APPELLANT RIGNEY:**

**JEFFREY K. SECKLER**
Seckler, Bramlett & Durard
724 North Main Street
P.O. Box 967
Shelbyville, TN 37160


**FOR APPELLANT HALE:**

**ROBERT S. PETERS**
Swafford, Peters & Priest
100 First Avenue, S.W.
Winchester, TN 37398

**FOR THE APPELLEE:**

**CHARLES W. BURSON**
Attorney General and Reporter

**MERRILYN FEIRMAN (brief)**
Assistant Attorney General
500 Charlotte Avenue
Nashville, TN 37243

**LISA NAYLOR (oral argument)**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**C. MICHAEL LAYNE**
District Attorney General

**KENNETH SHELTON**
Assistant District Attorney General
307 S. Woodland
P.O. Box 147
Manchester, TN 37355


**OPINION FILED:** _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

**OPINION**

The appellants, Jeffery L. Rigney and Herman Eugene Hale, appeal the sentences imposed by the Circuit Court of Coffee County following their guilty plea to theft of property over $1,000. Both defendants were sentenced to four years, provided that upon the expiration of Rigney's service of nine (9) months and Hale's service of twelve (12) months in the county jail, they could serve the remainder of their sentences in the community corrections program. Both appeal the manner in which they are to serve their sentences, claiming that they should not be confined for any period of time. Appellant Rigney also asserts that a sentence of four (4) years is excessive and inappropriate under the 1989 Criminal Sentencing Reform Act. We disagree and affirm the judgment of the trial court.

## I. BACKGROUND

Rigney and Hale, along with Jacob Hart, Steve Heifner and Franz Hickertz, were involved in a scheme to take merchandise from the Food Lion grocery store in Manchester. At that time all of the defendants were employees of that store, except Hale. For at least six weeks, Rigney, Hart, Heifner and Hickertz would smuggle merchandise from the store and then take that merchandise to Hale, who would store the goods in a warehouse or at his residence. Apparently, Hale would give a list to Rigney or Hart requesting certain items from the store. In his statement to the police, Rigney confessed that the items were taken for resale.

All five defendants were indicted for theft of property over $10,000, a Class C felony. Subsequently, Rigney and Hale pled guilty to theft of property over $1,000, a Class D felony. Both were sentenced as Range I, Standard Offenders. Although the trial judge sentenced both to four (4) years, Rigney was required to serve nine (9) months in the county jail before being put on community corrections. Hale was ordered to serve twelve (12) months in the county jail before serving the remainder of his sentence on community corrections. Each defendant was also

required to pay $8,000 in restitution.  Both are appealing their sentences.

## II.  REVIEW OF SENTENCING

This Court's review of the sentences imposed by the trial court is *de novo* with a presumption of correctness.  Tenn. Code Ann. § 40-35-401(d).  This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  The burden is upon an appealing party to show that the sentence is improper.  Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.  In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210(b), to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

If no mitigating or enhancing factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range.  *See* State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991).  However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for aggravating factors and then reduce the sentence within the range for the mitigating factors.  Tenn. Code Ann. § 40-35-210(e).  No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Moss, 727 S.W.2d 229 (Tenn. 1986); State v. Santiago, 914 S.W.2d 116 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper

weight to the factors and principles set out under the sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d at 789.

## A. Length of Sentence - Rigney

Appellant Rigney asserts that the trial judge erred in imposing the maximum sentence of four (4) years for this Class D felony. Specifically, he claims that the trial judge misapplied enhancement factors. Thus, he argues that the mitigating factors suggest that a minimum sentence is appropriate.

In a written Sentencing Order, the trial court noted the enhancing and mitigating factors that were applicable to Rigney. The listed enhancement factors were: (1) the defendant has a previous history of a criminal conviction in addition to that necessary to establish the appropriate range; and (2) the defendant was a leader in the commission of an offense involving two or more actors. *See* Tenn. Code Ann. § 40-35-114(1) and (2). The trial court also considered as mitigating factors that: (1) the defendant's criminal conduct neither caused nor threatened serious bodily injury; (2) the defendant assisted the authorities in uncovering offenses committed by other persons or in detecting or apprehending other persons who had committed the offenses; and (3) the defendant assisted the authorities in locating or recovering any property or person involved in the crime. *See* Tenn. Code Ann. § 40-35-113(1), (9) and (10).

Rigney initially argues that he does not have a prior conviction and enhancement factor (1) was wrongly applied. He was charged in 1985 with grand larceny and was put on pre-trial diversion. Thus, he asserts that pre-trial diversion is not a conviction and cannot be used to enhance his sentence. The state does not dispute this, and we agree. Pre-trial diversion provides a procedural alternative to prosecution and disposition by normal methods. Dearborne v. State, 575 S.W.2d 259 (Tenn. 1978). The trial court improperly applied this enhancement factor.

4

Rigney further claims that he was not the leader in this scheme and enhancement factor (2) was misapplied. He quotes the Sentencing Order wherein the trial judge refers to Hale and Rigney respectively as "Master-Mind Number One" and "Master-Mind Number Two." Therefore, Rigney contends that because the trial judge specifically found that Hale's role was more culpable than his own, he cannot be considered the leader in the commission of an offense involving two or more actors.

This Court has previously held that enhancement for being a leader in the commission of an offense does not require that the defendant be the sole leader but only that he be "a" leader. <u>State v. Hicks</u>, 868 S.W.2d 729, 731 (Tenn. Crim. App. 1993); *see* Tenn. Code Ann. § 40-35-114(2). The trial court properly applied this enhancement factor.

The trial court should have applied enhancement number (6) under Tenn. Code Ann. § 40-35-114 in that the amount of property taken from the victim was particularly great. This Court, in conducting our *de novo* review, is authorized to consider any enhancement factors not relied upon by the trial court which are supported by the record. <u>State v. Adams</u>, 864 S.W.2d 31, 34 (Tenn. 1993); <u>State v. Pearson</u>, 858 S.W.2d 879, 884-885 (Tenn. 1993); <u>State v. Jernigan</u>, 929 S.W.2d 391, 397 (Tenn. Crim. App. 1996).

It is apparent from the videotaped confessions of all involved and the written statement of Rigney that the dollar amount of the property stolen far exceeded $1,000. Rigney estimated that his part in the theft totaled around $15,000 - $20,000.[1] Although this enhancement factor was not articulated as such, the trial judge noted in the Sentencing Order that the amount of property stolen was particularly great. In fact, the amount of property stolen approaches, if not exceeds, the Class C theft amount of $10,000. Therefore, we find that the amount of property stolen was exceptionally great, and this could be considered as a proper enhancement factor. *See* <u>State v. Barbara D. Frank</u>, C.C.A. No. 03C01-9209-CR-

---

[1] Rigney later recanted this estimation in his written statement to the police. In his written statement, he claimed that his part amounted to between $8,000 and $10,000.

00303 (Tenn. Crim. App. filed December 22, 1993, at Knoxville).

Additionally, the trial judge noted that Rigney was an employee of Food Lion at the time he was stealing the merchandise. As such, he abused a position of private trust. Tenn. Code Ann. § 40-35-114(15). This would be an appropriate enhancement factor as well.

Presumably, the trial court gave little weight to the enumerated mitigating factors in light of the dollar amount of property that was stolen and Rigney's role in the overall scheme. We conclude that the trial court gave proper weight and consideration to the sentencing factors and principles. Accordingly, Rigney has failed to overcome the presumption of correctness afforded the trial court in its sentencing determination. This issue is without merit.

## B. Manner of Sentence

Both appellants contest the manner in which they are to serve their sentence. They claim that incarceration is inappropriate and instead suggest that they should receive no jail time.

Under the Criminal Sentencing Reform Act of 1989, trial courts are encouraged to use alternatives to incarceration. An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-380 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380.

In determining whether incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense,

6

whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* State v. Ashby, 823 S.W.2d at 169. Furthermore, the potential or lack of potential for rehabilitation should be considered in determining the sentence alternative or length of a term to be imposed. Tenn. Code Ann. § 40-35-103(5).

In the present case, the trial court found that the appellants were essentially the leaders in the plan to steal from Food Lion. The amount of property taken was extensive. Furthermore, these thefts were ongoing for at least six (6) weeks and likely would have continued if the authorities had not discovered the fraudulent scheme.

Additionally, the trial court found that appellant Hale had a prior criminal history. He had a prior conviction for passing worthless checks up to $100 and four (4) prior convictions for driving under the influence of an intoxicant.

Significantly, the trial court found that both Rigney and Hale gave untruthful testimony at the sentencing hearing and neither accepted full responsibility for his actions. A defendant's truthfulness while testifying on his own behalf is probative of his attitude towards society and prospects for rehabilitation and is a relevant factor in the sentencing process. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994). A defendant's "credibility and willingness to accept responsibility for his crime are circumstances germane to his rehabilitation potential." State v. Zeolia, 928 S.W.2d 457, 463 (Tenn. Crim. App. 1996); *see* State v. Dowdy, 894 S.W.2d at 306.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d at 305. In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the

circumstances of that defendant. <u>State v. Moss</u>, 727 S.W.2d at 235.

Both appellants are able to serve the majority of their sentences in the community corrections program and receive the benefit of alternative sentencing. We find that the trial court's imposition of a period of incarceration was appropriate for both appellants. *See* Tenn. Code Ann. § 40-36-106(f). Therefore, this issue has no merit.[2]

Because we find that neither issue raised by the appellants has any merit, the judgment of the trial court is affirmed.

 

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**THOMAS T. WOODALL, JUDGE**

---

[2] *See* Op. Att'y Gen. 91-96 (1991) for a discussion of proper sentencing credits to be applied toward jail time during split confinement.