IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 22, 2003 Session

### RONALD W. RICE v. DAVID MILLS, WARDEN

**Direct Appeal from the Criminal Court for Morgan County**
**No. 8885     E. Eugene Eblen, Judge**

_____

**No. E2003-00328-CCA-R3-PC**
**August 19, 2003**
_____

The petitioner, Ronald W. Rice, filed in the Morgan County Criminal Court ("the habeas court") for habeas corpus relief, alleging that he received an illegal sentence for his conviction for an aggravated rape which occurred in 1983. The habeas court granted the petitioner relief. On appeal, the State contends that the habeas court erred in finding that the petitioner was entitled to relief. Upon review of the record and the parties' briefs, we reverse the judgment of the Morgan County Criminal Court, reinstate the petitioner's aggravated rape conviction, and remand to the Williamson County Criminal Court ("the convicting court") for correction of the judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Scott McCluen, District Attorney General; and Frank Harvey, Assistant District Attorney General, for the appellant, State of Tennessee.

Andrew N. Hall, Wartburg, Tennessee, for the appellee, Ronald W. Rice.

**OPINION**

### I.  Factual Background

The record reflects that on April 20, 1992, the petitioner pled guilty in the Williamson County Criminal Court to two counts of aggravated rape. The first aggravated rape was committed in February 1983 ("the 1983 offense") and the second aggravated rape was committed in July 1991 ("the 1991 offense"). Pursuant to a plea agreement, the convicting court imposed a sentence of fifteen years incarceration in the Tennessee Department of Correction for each offense and ordered that the sentences be served consecutively for a total effective sentence of thirty years incarceration.

The record reflects that the petitioner first served his sentence for the 1991 offense, which sentence expired on March 27, 2002. Subsequently, the petitioner began service of his sentence for the 1983 offense.[1]

On April 18, 2002, the petitioner filed in the Morgan County Criminal Court for habeas corpus relief from the sentence for the 1983 offense.[2] Specifically, the petitioner alleged that he had been sentenced under the 1982 Sentencing Act in contravention of Tennessee Code Annotated section 40-35-117(b) (1997). In support of his petition, the petitioner submitted the judgment of conviction for his 1983 offense. On the judgment form, the convicting court marked the boxes indicating that the petitioner was a "Standard 30% Range 1" offender sentenced under the "Sentence Reform Act of 1982." The convicting court also marked the box designating the petitioner a "Standard 30% Range 1" offender under the "Sentence Reform Act of 1989"; however, the box located adjacent to the heading "Sentence Reform Act of 1989" was not marked. The petitioner argued that the judgment provided clear proof that the convicting court sentenced the petitioner under the 1982 Sentencing Act.

Contrarily, the State contended that the petitioner was correctly sentenced under the 1989 Sentencing Act. The State noted that the trial court imposed a sentence of fifteen years incarceration for the 1983 offense. The State argued that such a sentence was possible only if the petitioner had been sentenced under the 1989 Sentencing Act. Specifically, the State noted that the sentencing range for aggravated rape under the 1989 Sentencing Act was fifteen to twenty-five years, the range cited by the convicting court, while the 1982 Sentencing Act provided for a minimum sentence of twenty years.

The habeas court summarily determined that the judgment of conviction for the 1983 offense was void, and therefore granted the petitioner habeas corpus relief. The State appealed and raised the following issue for our review: "[w]hether the trial court erred when it granted [the appellant] habeas corpus relief because the judgment of conviction form was checked in the box for the Sentencing Reform Act of 1982 where the 15 year sentence was clearly legal and where the convicting court proceeded under the Sentencing Reform Act of 1989."

## II. Analysis

---

[1] The record includes two letters from the Tennessee Department of Correction in which the Department erroneously concluded that the sentence for the 1983 offense was illegal. Specifically, the letter dated November 26, 2002, stated:

> When Mr. Rice received his Aggravated Rape convictions in 1992, he was convicted of two separate sentences for a total of thirty years. Case #II492112, ct. 1 was a fifteen year sentence consecutive to Case #II49211, ct. 1. That judgment order was coded to TCA 39-2-603 which the range back then of that conviction was 20 years to Life. Since he only received fifteen years, that made his judgment order illegal.

[2] The petition was filed in Morgan County in compliance with Tennessee Code Annotated section 29-21-105 (1997).

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83). Regardless, this court recognizes that a "strong presumption favoring the validity of final judgments" exists. State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000); see also State v. McClintock, 732 S.W.2d 268, 271 (Tenn. 1987).

Tennessee Code Annotated section 40-35-117(b) (emphasis added) provides that "[u]nless prohibited by the United States or Tennessee constitution, any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982 and November 1, 1989, *shall* be sentenced under the provisions of this chapter." The appellant, who received a fifteen-year sentence for the 1983 offense, claims that he was impermissibly sentenced under the 1982 Sentencing Act. The State disagrees and argues that the trial court correctly utilized the 1989 Sentencing Act.

We note that because the instant offense occurred prior to 1989 and the sentence for the conviction was imposed subsequent to 1989, the convicting court was required to calculate the proper sentence under both the 1982 and the 1989 sentencing acts and then impose the least severe sentence. See State v. Carico, 968 S.W.2d 280, 286 (Tenn. 1998); see also Tenn. Code Ann. §§ 39-11-112 and 40-35-117(b) (1997). As in Carico, when the instant offense was committed the 1982 Sentencing Act provided that aggravated rape was a Class X felony carrying a range of punishment for a standard Range I offender of twenty years to forty years. Id.; see also Tenn. Code Ann. §§ 39-2-603 and 40-35-109(a) (1982). Contrastingly, the 1989 Sentencing Act provides that aggravated rape is a Class A felony. See Tenn. Code Ann. § 39-13-502 (1997). Furthermore, the 1989 Sentencing Act provides that a Class A felony is subject to a maximum fine of $50,000 and that a standard Range I offender may receive a sentence of fifteen to twenty-five years. See Tenn. Code Ann. §§ 40-35-111(b)(1) and -112(a)(1) (1997). Accordingly, as the petitioner correctly notes, his sentence was governed by the provisions of the 1989 Sentencing Act.

However, contrary to the petitioner's assertions, our de novo review of the record reveals that the convicting court did in fact apply the 1989 Sentencing Act. At the plea hearing, the convicting court informed the petitioner:

> The penalty for [aggravated rape] is incarceration for some period of time, not less than 15 years nor greater than 25 years. And you can be fined up to $50,000. So that the maximum sentence that you could receive would be 25 years incarceration and the $50,000 fine. The minimum sentence that [you could] receive would be no fine and 15 years incarceration.

Ultimately, the convicting court, in accepting the plea agreement, sentenced the petitioner to fifteen years incarceration for the aggravated rape conviction, a sentence that was not permissible under the 1982 Sentencing Act. Notably, the convicting court's remarks mirror the provisions of the 1989 Sentencing Act. Furthermore, as we noted, on the judgment for the petitioner's 1983 offense, the box was marked indicating that the petitioner was designated as a "Standard 30% Range 1" offender under the 1982 Sentencing Act. However, a box on the form designating the petitioner as a "Standard 30% Range 1" offender under the 1989 Sentencing Act was also marked. Generally, when there is a conflict between the judgment of conviction and the transcript of the proceedings, the transcript controls. See State v. Davis, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985).

The petitioner also notes that the judgment of conviction reflects that he was convicted of a violation of Tennessee Code Annotated section 39-2-603 (1982). He contends that this is additional proof that the 1982 Sentencing Act was applied. However, the convicting court was required to prosecute the petitioner under the statute in effect at the time of his offense, namely Tennessee Code Annotated section 39-2-603. See Tenn. Code Ann. § 39-11-112; State v. Pearson, 858 S.W.2d 879, 883 (Tenn. 1993). Thus, we conclude that the marking on the judgment form adjacent to the heading "Sentence Reform Act of 1982" is merely a clerical error and as such may be remedied by the convicting court. See Tenn. R. Crim. P. 36. In sum, we conclude that the petitioner's conviction and sentence are not void and the petitioner is not entitled to habeas corpus relief.

### III. Conclusion

Based upon the foregoing, we reverse the judgment of the Morgan County Criminal Court and reinstate the petitioner's conviction for the 1983 offense of aggravated rape. This matter is remanded to the Williamson County Criminal Court for entry of a corrected judgment of conviction reflecting that the appellant was sentenced pursuant to the provisions of the 1989 Sentencing Act.

_____
NORMA McGEE OGLE, JUDGE