IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

APRIL 1998 SESSION

FILED

July 2, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE ,
      APPELLEE

§

§

VS.

§

BENJAMIN SNYDER,
      APPELLANT

§

§

C.C.A. No. 01C01-9705-CR-00176

DAVIDSON COUNTY

HONORABLE FRANK G. CLEMENT, JR.

(SENTENCING)

FOR THE APPELLANT

C. Edward Fowlkes
172 Second Avenue N., Suite 214
Nashville, TN  37201-1908

FOR THE APPELLEE

John Knox Walkup
Attorney General and Reporter
425 Fifth Avenue, North
Nashville, TN  37243

Karen M. Yacuzzo
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN  378243

Bernard McEvoy
Assistant District Attorney General
Washington Square, Suite. 500
Second Avenue N.
Nashville, TN  37201-1649

OPINION FILED:  _____

AFFIRMED

L. T. LAFFERTY, SPECIAL JUDGE

**OPINION**

The defendant, Benjamin S. Snyder, appeals as a matter of right the sentence imposed by the Davidson County Probate Court. In counts one and two, the defendant was charged with the offense of vehicular homicide involving the death of Gregory Flair. In counts three and four, the defendant was charged with the offense of reckless endangerment involving two passengers in the operation of a motor vehicle. The defendant entered a plea of guilty to the offense of vehicular homicide due to reckless conduct as charged in count two of the indictment. Counts one, three and four were dismissed. After a sentencing hearing, the trial court sentenced the defendant to five years in the Corrections Corporation of America Facility. The defendant was ordered to serve six months and then be placed on probation for four years, six months. There were other conditions imposed on the defendant during the period of probation. In his appeal, the defendant raises two issues; (1) the trial court erred as a matter of fact and law in applying enhancement factor #3 "the offense involved more than one victim," and (2) the trial court erred in sentencing the defendant to five years instead of the presumptive minimum of three years. Upon a close review of the record, briefs of the parties, and the applicable law, we affirm the trial court's judgment.

The evidence in this record establishes that the defendant and his two friends, passengers in the car, John Clark and Brent Batson, on the night of March 16, 1996, went to a bonfire party for a celebration of a potential wedding. The deceased arrived with another companion. All four chipped in to buy beer for the event. The deceased and his companion went to a convenience store where they bought two cases of beer. The defendant consumed approximately five or six beers during this evening, keeping his portion of the beer (a six-pack) in the trunk of his car. The defendant and his

2

companions, at about 10:00 p.m. decided to "cruise 2nd Ave." The defendant drove his car. Brent Batson occupied the right front passenger seat. Behind Batson was John Clark (right passenger rear) and the deceased was seated behind the defendant. While inbound on Lebanon Road, in Davidson County, the defendant swerved, lost control of his car causing extensive damage, killing the deceased and injuring his other two passengers. The Nashville Police Traffic Investigator described that the physical evidence established the defendant lost control of his car on the shoulder of the road and attempted to correct the path of the car. The defendant left the road again resulting in an impact with a concrete wall and the car then began sliding on its side. The vehicle traveled sideways striking and severing a fire hydrant, then began to roll over and struck a pole. A photograph was introduced showing cans of beer hanging from the trunk of the car. Friends of all four persons were following the defendant and before the police arrived, they removed beer from the car, hiding the same in some bushes.

SENTENCING HEARING

In his request for alternative sentencing, the defendant presented co-employees, a mother of one of the passengers, his father, step-mother and mother. At the time of the sentencing, the defendant was a 20-year-old high school graduate employed at Opryland. The defendant began his drinking when he was about 18 years old and developed an addiction to marijuana. Due to the accident, the defendant could not recall the details, but returned to the accident scene. The defendant believes he looked down while going around a curve, just going too fast, sliding in the gravel and apparently losing control of his car. The defendant admits that alcohol and his speed of 55 to 60, in a 45 mile speed zone, were contributing factors to the accident. Also, the defendant admits he felt a slight buzz at the time leaving the party although

3

he contends he was not drunk. Between March, 1996, the accident event, and November 20, 1996, the defendant continued to use marijuana every other month on weekends, the last usage four months before the sentencing hearing. The defendant admitted to the probation officer he drank beer on weekends, but at the time of the interview he had quit drinking. Also, the defendant had driven his car while drinking and admitted on one occasion being impaired. The defendant expressed remorse at the death of his friend, the deceased.

The defendant's mother, father, stepmother and co-employees confirmed the defendant was very remorseful over the death of his friend. Also, his parents had counseled him on the abuse of alcohol and marijuana.

The State, in support of its request for enhancement of the defendant's sentence, offered the testimony of a probation officer, an accident investigator, the two passengers and the deceased's mother. The two passengers, boyhood friends of the defendant, testified about the evening's events. Both passengers did not believe the defendant was under the influence of alcohol or speeding at the time of the accident. However, both admitted each had been drinking, each was well under the influence of alcohol and injured in the accident. The deceased's mother, in a prepared statement, explained the family's devastation at the death of their child and its effect; and she has serious doubts concerning the defendant's remorse over this death.

According to the accident reports, the deceased was ejected from the vehicle and pronounced dead at Vanderbilt Medical Center. The cause of death was blunt force injuries, fractures of the skull, both femurs and multiple left ribs, with internal injuries to the spleen, liver, lung and aorta. The defendant's BAC was 0.14% one hour after the accident.

## 1. Principles of Sentencing Review

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a *de novo* review of the record with presumption that the determinations made by the trial court are correct. Tenn., Code Ann. § 40-35-401(d). This presumption is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby* 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." *Id.*

In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely *de novo. Id.* If appellate review reflects that trial court properly considered all relevant factors and its findings of fact are adequately supported by the record this Court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher,* 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the "conclusion of the sentencing hearing," determines the range of the sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering; (1) the evidence, if any, received at trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-210(a)(b); Tenn. Code Ann. § 40-35-103(5) (1990); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who,

> "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (1997).

Our sentencing law provides that

> "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." Tenn. Code Ann. 40-35-102 (5) (1997).

Thus, a defendant who meets the above criteria is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather it requires that sentencing issues be determined by the facts and circumstances presented in each case. *State v. Taylor,* 744 S.W.2d 919, 922 (Tenn. Crim. App, 1987). The defendant was convicted of vehicular homicide, a Class C felony, and thus is considered a favorable candidate for alternative sentencing, including probation.

The trial court, in determining the appropriate sentence, referred to the guidelines as required by the Tennessee Sentencing Act. The trial court found one enhancement factor applicable, to wit: the offense involved more then one victim, and three mitigating factors, to wit: the defendant's youth, lack of criminal history and was remorseful, in determining the defendant should receive a five year sentence. Split confinement was applicable in the form of six months followed by a probation period of four years, six months. The defendant complains the trial court was in error in finding applicable the factor "the offense involved more than one victim." Thus the defendant was entitled to a three year sentence, with 30 days in confinement followed by three years probation. The State complains the trial court was in error for

failing to find two additional enhancement factors--the defendant had a history of criminal behavior and the defendant had no hesitation about committing an offense when the risk to human life was high.

The defendant would argue that the trial court was incorrect in assessing the factor "the offense involved more than one victim" Tenn. Code Ann. § 40-35-114(3). For authority, the defendant relies on *State v. Raines,* 882 S.W.2d 376 (Tenn. Crim. App. 1994). The defendant contends that the trial court cannot consider the passengers who sustained injuries as "victims." In *Raines, supra*, the late Judge Joe Jones, Presiding Judge of this Court, defined the word "victim" as used in Tenn. Code Ann. § 40-35-114(3) is limited in scope to a person or entity that is injured, killed, had property stolen, or had property destroyed by the perpetrator of the crime. However, in *Raines, supra*, the trial court found factor (3) applied to the family members of a person killed in a murder. The term, "victim" does not include a person who has lost a loved one or means of support because the perpetrator of the crime killed a loved one.

Also, the defendant argues that the two passengers cannot be considered "victims" since they both were willing passengers and testified the defendant was not under the influence and engaged in no act which caused the collision. The evidence is to the contrary. The defendant was driving under the influence of alcohol, a BAC reading of 0.14%; operating his vehicle at a high speed of 55-60 mph, losing control of his vehicle and causing a very heavy impact. Both passengers were injured and received medical treatment. The trial court properly applied this enhancement factor in determining an appropriate sentence.

The State, in it's request for enhancement of the defendant's sentence, urged the trial court to apply factor (10), Tenn. Code Ann. § 40-35-114, "the defendant had

7

no hesitation about committing a crime when the risk to human life was high." The trial court declined to apply this factor, stating it "was very close." We believe that this factor was appropriate in the particular facts of this case. The description, *supra*, concerning the events leading to this accident support this factor. *State v. Lambert* 741 S.W.2d 127 (Tenn. Crim. App. 1987); *State v Jones,* 883 S.W.2d 597 (Tenn. 1994); *State v. Makoka,* 885 S.W.2d 366, 373 (Tenn. Crim. App. 1994). (This factor applied in vehicular homicide where accused placed third party at risk.) *State v. Dockery,* 917 S.W.2d 258 (Tenn. Crim. App. 1995) (This applied in DUI case due to passenger in car).

Also, the State urged the trial court to apply factor (1), Tenn. Code Ann. § 40-35-114, "the defendant has a history of criminal behavior." The trial court rejected this factor believing the State had failed to file notice of this enhancement factor. The State believes that the defendant's admitted continuous use of alcohol and driving his vehicle, to the point of being under the influence, establishes a pattern of "criminal behavior." (There seems to be some indication in the pre-sentence report the defendant continued to use alcohol, to-wit: beer, after the arrest on these charges). Also, coupled with the frequent use of marijuana after this accident, the defendant continues to indulge in criminal activity.

In *State v. William Jeffery Carico,* ____ S.W.2d ___ (Tenn., 1998), filed at Knoxville April 27, 1998, the Supreme Court, for the first time, addressed the term "criminal behavior" applicable in a sentencing hearing. The Court of Criminal Appeals had previously held that merely being arrested or charged with a crime is not "criminal behavior" within the meaning of the statute. *State v. Buckmeir,* 902 S.W.2d 418 (Tenn. Crim. App 1995); *State v. Marshall,* 870 S.W.2d 532 (Tenn. Crim. App. 1993). The Supreme Court stated:

The phrase "criminal behavior" has not been defined by this Court for purposes of the enhancement factor, but, whatever the precise definition may be, sexual acts with a ten year old child clearly constitutes criminal behavior. The evidence of the appellant's prior sexual acts was properly considered by the trial court as criminal behavior. That evidence supports the finding that enhancement factor (1) was established in this case.

Since the trial court did not specifically find this factor (1) applicable, this Court has jurisdiction to so find. *State v. Pearson,* 858 S.W.2d 879, 884-5 (Tenn. 1993). We believe that the defendant's conscious decision to continue to drive and drink, even to the point of under the influence of alcohol, coupled with the frequent use of marijuana constitutes criminal behavior. This factor is applicable to the facts of this particular case.

In conclusion, we find the evidence in this record fully supports the trial court's decision. The judgment of the trial court is affirmed.

_____
L. T. Lafferty, Special Judge

9

CONCUR:


_____
Gary R. Wade, Judge


_____
Thomas T. Woodall, Judge