# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH 1998 SESSION

**FILED**

April 7, 1998

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| MICHAEL O'NEAL McCONNELL, | ) | |
| | ) | NO. 01C01-9704-CC-00163 |
| Appellant, | ) | |
| | ) | **LAWRENCE COUNTY** |
| VS. | ) | |
| | ) | **HON. WILLIAM B. CAIN,** |
| STATE OF TENNESSEE, | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

CHARLES W. HOLT, JR.
235 Waterloo Street
P. O. Box 357
Lawrenceburg, TN  38464-0357

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

T. MICHAEL BOTTOMS
District Attorney General

JAMES G. WHITE, II
Assistant District Attorney General
P. O. Box 279
Lawrenceburg, TN  38464-0279

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

# O P I N I O N

Petitioner, Michael O'Neal McConnell, appeals the denial of his petition for post-conviction relief. Two (2) issues are presented for our review, namely: (1) whether petitioner was deprived of effective assistance of counsel when he was advised to give a statement to police authorities; and (2) whether the sentences received by petitioner are illegal. Finding no error, we AFFIRM the judgment of the trial court.

## PROCEDURAL HISTORY

Petitioner was indicted for first degree murder and six (6) counts of robbery by use of a deadly weapon, all alleged to have occurred in January 1989. The state filed notice that it was seeking the death penalty for the first degree murder. On November 20, 1990, petitioner entered a guilty plea pursuant to a plea agreement. For the reduced offense of second degree murder, petitioner received a sentence of 35 years; for five (5) offenses of robbery by use of a deadly weapon, he received concurrent 10-year sentences; and for one (1) offense of robbery by use of a deadly weapon, he was sentenced to 35 years to run consecutively to the 35-year sentence for second degree murder. The effective sentence was a term of 70 years. All sentence calculations were based upon the Criminal Sentencing Reform Act of 1982 and not the Criminal Sentencing Reform Act of 1989.

On November 2, 1993, petitioner timely filed the present petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-102 (1990). After an evidentiary hearing, the trial court denied the petition. More specifically, the trial court found that petitioner had not been deprived of effective assistance of counsel. Furthermore, the trial court determined that sentencing under the 1982 Act was proper. Petitioner challenges these findings in this appeal.

## STANDARDS OF REVIEW

The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, ___ S.W.2d ___ (Tenn. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Henley v. State, ___ S.W.2d at ___; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Henley v. State, ___ S.W.2d at ___; Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley v. State, ___ S.W.2d at ___; Black v. State, 794 S.W.2d at 755.

We are somewhat hampered by the failure of the trial court to file written findings of fact and conclusions of law with regard to each ground presented in the petition. *See* Tenn. Code Ann. § 40-30-118(b) (1990) (presently required by Tenn. Code Ann. § 40-30-211(b) (1997)). Nevertheless, the oral findings pronounced from the bench are sufficient in this instance to allow appropriate appellate review. State v. Higgins, 729 S.W.2d 288, 290-91 (Tenn. Crim. App. 1987).

## INEFFECTIVE ASSISTANCE OF COUNSEL

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064;

3

Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d at 898, 899 (Tenn. 1990).

The test in Tennessee in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065; State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996). Therefore, in order to prove a deficiency, a petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. at 688, 104 S.Ct. at 2065; Henley v. State, ___ S.W.2d at ___; Goad v. State, 938 S.W.2d at 369.

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065. The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Goad v. State, 938 S.W.2d at 369; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370.

4

## COUNSEL'S ALLOWING PETITIONER TO GIVE STATEMENT

Petitioner contends his first appointed counsel was deficient in allowing the petitioner to give a statement to the authorities without first securing a plea agreement with the district attorney general's office. The state, on the other hand, contends this was a tactical decision by trial counsel and was reasonable in light of the circumstances.

### A.

The petitioner and others were arrested for committing a series of armed robberies in January 1989. One of the co-defendants implicated the petitioner in a homicide that was perpetrated during one of the armed robberies. Petitioner denied being an actual perpetrator of the homicide. Petitioner's trial counsel at that time advised the petitioner that he should cooperate with the authorities and give a truthful statement. Although petitioner in his statement denied being the actual perpetrator of the stabbing leading to the victim's death, the petitioner did concede that he was present and involved in the robbery of the victim. Petitioner contends his counsel was ineffective in allowing petitioner to give this statement.

### B.

Based upon hindsight, one could certainly contend this statement did not inure to the benefit of the petitioner. However, the advice given must be viewed at the time it was given, not by hindsight. Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065. At the time of the statement the petitioner had apparently been fingered by a co-defendant as participating in the homicide. Petitioner faced the possibility of the death penalty if convicted of first degree murder and was further facing numerous other armed robbery charges. Although the statement admitted petitioner's involvement in the robbery, there was a denial of his actual participation

5

in the homicide. This cooperation could reasonably have placed the petitioner in a better position with the police and prosecutorial authorities. We are reluctant to second-guess this tactical decision.

## C.

In addition, petitioner bears the burden of demonstrating that he would not have entered a plea of guilty had he not given this statement. *See* Hill v. Lockhart, 474 U.S. at 59, 106 S.Ct. at 320. Petitioner has failed to meet his burden of establishing that he would not have entered into the plea agreement if he had not given the statement.

The trial court found that petitioner had not been deprived of effective assistance of counsel. This Court is bound by those findings unless the evidence in the record preponderates against those findings. Henley v. State, ___ S.W.2d at ___, Dixon v. State, 934 S.W.2d at 72. Petitioner has not met his burden of establishing that the evidence preponderates against the findings of the trial court.

This issue is without merit.

## LEGALITY OF THE SENTENCES

Under the plea agreement all sentences were established pursuant to the Criminal Sentencing Reform Act of 1982. Since the offenses were committed after July 1, 1982, and the defendant was sentenced after November 1, 1989, petitioner could have been sentenced under the Criminal Sentencing Reform Act of 1989. *See* Tenn. Code Ann. § 40-35-117(b). Petitioner, therefore, contends that his 35-year second degree murder sentence and 35-year armed robbery sentence are illegal since their length is not authorized under the Criminal Sentencing Reform Act of 1989. The state contends that the sentences, received pursuant to a plea agreement, were appropriately imposed under the Criminal Sentencing Reform Act of 1982. We must agree with the state.

6

**A.**

Trial courts imposing sentences after the effective date of the 1989 Sentencing Act for crimes committed prior to its effective date must calculate the appropriate sentences under both the 1982 Sentencing Act as well as the 1989 Sentencing Act. State v. Pearson, 858 S.W.2d 879, 884 (Tenn. 1993). After making these calculations, the trial court must then impose the lesser sentence. Id. Therefore, the mere fact that the petitioner was sentenced under the 1982 Sentencing Act, even though sentenced after the effective date of the 1989 Sentencing Act, does not itself indicate that the sentences are illegal.

Under the 1982 Sentencing Act the punishment for second degree murder and robbery by use of a deadly weapon was not less than 10 years nor more than life. Tenn. Code Ann. §§ 39-2-212, 39-2-501 (1982). A Range I sentence for each offense was not less than 10 years nor more than 35 years. *See* Tenn. Code Ann. § 40-35-109 (1982). Thus, a 35-year sentence for second degree murder and robbery by use of a deadly weapon was authorized under the 1982 Sentencing Act.

Under the 1989 Sentencing Act the Range I punishment for second degree murder is not less than 15 years nor more than 25 years. The Range I punishment for robbery by use of a deadly weapon is not less than eight (8) years nor more than 12 years. Obviously, a Range I sentence of 35 years for either offense is not authorized under the 1989 Sentencing Act.

**B.**

It is necessary, however, to analyze petitioner's plea based upon the circumstances at the time. Had defendant not pled guilty and gone to trial, he faced a first degree murder charge with the possibility of the death penalty or life imprisonment under both Sentencing Acts. *See* Tenn. Code Ann. §§ 39-2-202(b) (1982); 39-13-202 (b) (1991). Although the range of punishment for each offense of robbery by use of a deadly weapon was eight (8) to twelve (12) years under the

7

1989 Act as opposed to 10 to 35 years under the 1982 Act, petitioner still faced the possibility of consecutive sentencing. *See* Tenn. Code Ann. § 40-35-115 (1990). In short, the defendant, even if convicted and sentenced under the 1989 Sentencing Act, faced the possibility of the death penalty and/or confinement that exceeded the 70 years he secured in the plea agreement.

The record further reveals that trial counsel considered sentencing under both the 1982 Sentencing Act and the 1989 Sentencing Act. The offer of the state was a "package deal" for a total of 70 years. Under these circumstances the sentences were not illegal, nor were they the result of ineffective assistance of counsel.

Since we find no error after a careful review of the record, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**DAVID H. WELLES, JUDGE**