IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned On Briefs October 26, 2010

## DARRELL LAMAR FRITTS v. DAVID SEXTON, WARDEN

Appeal from the Criminal Court for Monroe County
No. 10135    Carroll Ross, Judge

_____

No.  E2010-01260-CCA-R3-HC - Filed February 23, 2011

_____

A Monroe County jury convicted Petitioner of second degree murder. *State v. Darrell Fritts*,
No. 132, 1992 WL 236152, at *1 (Tenn. Crim. App., at Knoxville, Sept. 25, 1992), *perm.
app. dismissed*, (Tenn. Feb. 1, 1993).  Petitioner was unsuccessful on appeal.  *Id.* at *10.
Petitioner subsequently filed a petition for post-conviction relief that was denied.  *Darrell
Fritts v. State*, No. 03C01-9803-CR-00116, 1999 WL 604430, at *1 (Tenn. Crim. App., at
Knoxville, Aug. 12, 1999).  On appeal, this Court upheld the post-conviction court's denial
of the petition.  Petitioner subsequently filed two petitions for writ of habeas corpus relief
in the Monroe County Court.  The first writ was dismissed because it was filed in Monroe
County as opposed to the Johnson County Court which is the closest court in distance.  With
regard to the second writ, the State filed a motion to dismiss based upon the fact that the
issues had already been determined by this Court on appeal from the denial of the post-
conviction petition and that ineffective assistance of counsel at trial is not a cognizable issue
for habeas corpus.  The habeas corpus court granted the motion.  Petitioner appeals the
dismissal of both writs.  The appeals have been consolidated in this Court.  After a thorough
review of the record, we conclude that the dismissal of the writs was correct.  Therefore, we
affirm the dismissals by the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and
NORMA MCGEE OGLE, JJ., joined.

Darrell Lamar Fritts, Pro Se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney
General; and Jerry N. Estes, District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

The Monroe County Grand Jury indicted Petitioner for first degree murder and conspiracy to commit first degree murder. *Darrell Fritts*, 1992 WL 236152, at *1. Petitioner was convicted of second degree murder as a lesser included offense and acquitted of the conspiracy charge. *Id.* On appeal, this Court affirmed his conviction. *Id.* at *10. Petitioner subsequently filed a petition for post-conviction relief. This petition was denied by the post-conviction court. *Darrell Fritts*, 1999 WL 604430, at *1. The denial of the petition was upheld on appeal. *Id.*

On April 9, 2010, Petitioner filed a petition for writ of habeas corpus relief in case number 10135 in the Monroe County Court. On April 19, 2010, the habeas corpus court filed an order dismissing the writ of habeas corpus based upon the fact that Petitioner did not file his petition for writ of habeas corpus relief in the Johnson County Court, which is the most convenient court in point of distance, and did not state a valid reason for his failure to file in the Johnson County Court. The habeas corpus court specifically stated;

> In his writ, the defendant states that the Johnson County court, which is the Court most convenient in point of distance, should not hear this matter because that court has an "over-congested docket."
> This Court does not find that to be a sufficient reason to cause this matter to be heard in this Court rather than the Johnson County Court.

Petitioner filed a timely notice of appeal from the dismissal of his petition in case 10135.

Subsequently, on May 24, 2010, Petitioner filed a second application for writ of habeas corpus relief in case number 10194 in the Monroe County Court. The State filed a motion to dismiss on July 1, 2010, based upon the fact that the issues raised by Petitioner, that "(1) he was erroneously sentenced under the 1989 Sentencing Act, and (2) he was afforded the ineffective assistance of counsel regarding his sentencing," were raised and addressed in Petitioner's prior petition for post-conviction relief. *See Darrell Fritts*, 1999 WL 604430, at *1. On July 1, 2010, the habeas corpus court granted the motion. Petitioner filed a timely notice of appeal.

On August 5, 2010, this Court granted Petitioner's motion to consolidate these cases on appeal.

## ANALYSIS

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings, the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see also Hickman*, 153 S.W.3d at 21.

In case number 10135 the habeas corpus court dismissed the writ because the Monroe County Court was not the most convenient court in terms of distance to Petitioner. An application for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." T.C.A. § 29-21-105. The court most convenient in point of distance to Petitioner was the Johnson County Court. We agree with the habeas corpus court that a conclusory statement alleging an "over-congested docket" is not a sufficient reason for the failure to file the writ in the Johnson County Court. Therefore, we affirm the dismissal of the writ of habeas corpus in case number 10135.

Case # 10194

In case number 10194, the habeas corpus court dismissed the writ because the issues raised by Petitioner in his writ have been previously determined in his post-conviction petition and appeal to this Court. Petitioner argues that he was incorrectly sentenced because the trial court did not consider his sentence under both the 1982 and 1989 sentencing acts as required by *State v. Pearson*, 858 S.W.2d 879 (Tenn. 1993), and that he was afforded ineffective assistance of counsel. In Petitioner's post-conviction petition he argued that his ex post facto rights were violated by his sentencing and that he should have been granted a new sentencing hearing based upon Pearson. The post-conviction court denied his petition. *Darrell Fritts*, 1999 WL 604430, at *1. On appeal, this Court went through an analysis of what his sentence would have been under both the 1982 and 1989 sentencing acts and determined that he received the lesser of the sentences. *Id.* at *2. Therefore, this issue in Petitioner's case has been previously determined.

Under the "law of the case" doctrine, issues which have been previously determined on appeal cannot be reconsidered. *Memphis Publ'g. Co. v. Tennessee Petroleum*, 975 S.W.2d 303, 306 (Tenn. 1998). "This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts. *Ladd* [*v. Honda Motor Co., Ltd.*], 939 S.W.2d [83,] 90 [Tenn. Ct. App.1996) ]." *Memphis Publ'g. Co.*, 975 S.W.2d at 306.

Petitioner also argues he should be granted habeas corpus relief because he was afforded ineffective assistance of counsel at trial. However, claims of ineffective assistance of counsel are not cognizable grounds for habeas corpus relief. *Passarella*, 891 S.W.2d at 627.

Therefore, the habeas corpus court properly granted the State's motion to dismiss Petitioner's writ of habeas corpus.

## **CONCLUSION**

For the foregoing reasons, we affirm the dismissals of the writs of habeas corpus.


_____
JERRY L. SMITH, JUDGE